1  MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
2  THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
3  BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
4  MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
5  STOEL RIVES LLP
500 Capitol Mall, Suite 1600
6  Sacramento, CA  95814
Telephone:  916.447.0700
7  Facsimile:  916.447.4781

8  *Attorneys for Plaintiff*
*METROPOLITAN LIFE INSURANCE COMPANY*
9

10                 UNITED STATES DISTRICT COURT

11         EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

12

| | |
|---|---|
| 13  METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, | Case No. |
| 14                          Plaintiff, | **COMPLAINT FOR BREACH OF LOAN AGREEMENT; BREACH OF GUARANTY; JUDICIAL FORECLOSURE; SPECIFIC PERFORMANCE AND APPOINTMENT OF RECEIVER; INJUNCTIVE RELIEF; AND REPLEVIN** |
| 15 | |
| 16         v. | |
| 17  C & A FARMS, LLC, a California limited liability company; MARICOPA ORCHARDS, LLC, a California limited liability company; DUMAR, LLC, a California limited liability company; PISTACHE LLC, a California limited liability company; KAMM SOUTH, LLC, a California limited liability company; ACDF, LLC, a California limited liability company; FARID ASSEMI, individually and as Trustee of the AMENDED AND RESTATED FARID ASSEMI REVOCABLE TRUST DATED March 2, 2010; FARSHID ASSEMI, an individual; FARSHID ASSEMI and SONIA ROSEMARY ASSEMI, as Trustees of the AMENDED AND RESTATED FARSHID ASSEMI AND SONIA ROSEMARY ASSEMI REVOCABLE TRUST dated March 2, 2010; DARIUS ASSEMI, individually and as Trustee of the AMENDED AND RESTATED DARIUS ASSEMI REVOCABLE TRUST, dated March 2, 2010; and DOES 1-100, | **DEMAND FOR JURY TRIAL** |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27                          Defendants. | |
| 28 | |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                    -1-

125593407.7 0053564-00659

1

## COMPLAINT

2

Plaintiff METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation

3

("Plaintiff" or "MetLife") hereby brings this Complaint against C & A FARMS, LLC, a California

4

limited liability company; MARICOPA ORCHARDS, LLC, a California limited liability company;

5

DUMAR, LLC, a California limited liability company; PISTACHE LLC, a California limited

6

liability company; KAMM SOUTH, LLC, a California limited liability company; ACDF, LLC, a

7

California limited liability company; FARID ASSEMI, individually and as Trustee of the

8

AMENDED AND RESTATED FARID ASSEMI REVOCABLE TRUST DATED March 2, 2010;

9

FARSHID ASSEMI, an individual; FARSHID ASSEMI and SONIA ROSEMARY ASSEMI, as

10

Trustees of the AMENDED AND RESTATED FARSHID ASSEMI AND SONIA ROSEMARY

11

ASSEMI REVOCABLE TRUST dated March 2, 2010; DARIUS ASSEMI, individually and as

12

Trustee of the AMENDED AND RESTATED DARIUS ASSEMI REVOCABLE TRUST, dated

13

March 2, 2010; and DOES 1 through 100 (collectively, "Defendants").

14

## PARTIES

15

1.      Plaintiff is, and at all times mentioned herein was, a New York corporation, qualified

16

to do business in the State of California.

17

2.      Defendant C & A FARMS, LLC ("C & A Farms") is a California limited liability

18

company and borrower under the Loan (as defined below).

19

3.      Defendant MARICOPA ORCHARDS, LLC ("Maricopa") is a California limited

20

liability company and owner of the real property collateral located in Fresno County, California.

21

4.      Maricopa and C & A Farms are collectively referred to herein as the "Borrower

22

Defendants."

23

5.      Defendant DUMAR, LLC ("Dumar") is a California limited liability company and,

24

on information and belief, has its principal place of business located in Fresno County, California.

25

6.      Defendant PISTACHE LLC ("Pistache"), is a California limited liability company

26

and, on information and belief, has its principal place of business located in Fresno County,

27

California.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT
125593407.7 0053564-00659

-2-

1    7.    Dumar and Pistache are collective referred to herein as the "Tenant Defendants"

2 and, on information and belief, lease the Real Property (as defined below) from Maricopa.

3    8.    Defendant KAMM SOUTH, LLC ("Kamm South") is a California limited liability

4 company with its principal place of business located in Fresno County, California.

5    9.    Defendant ACDF, LLC ("ACDF") is a California limited liability company with its

6 principal place of business located in Fresno County, California.

7    10.    Defendant SONIA ROSEMARY ASSEMI is, on information and belief, a resident

8 of Fresno County, California and is named in her capacity as Trustee of the AMENDED AND

9 RESTATED FARSHID ASSEMI AND SONIA ROSEMARY ASSEMI REVOCABLE TRUST

10 dated March 2, 2010.

11    11.    Defendant FARID ASSEMI is, on information and belief, a resident of Fresno

12 County, California.  FARID ASSEMI is named individually and in his capacity as Trustee of the

13 AMENDED AND RESTATED FARID ASSEMI REVOCABLE TRUST DATED March 2, 2010.

14    12.    Defendant FARSHID ASSEMI is, on information and belief, a resident of Fresno

15 County, California.  FARSHID ASSEMI is named individually and in his capacity as Trustee of

16 the AMENDED AND RESTATED FARSHID ASSEMI AND SONIA ROSEMARY ASSEMI

17 REVOCABLE TRUST dated March 2, 2010.

18    13.    Defendant DARIUS ASSEMI is, on information and belief, a resident of Fresno

19 County, California.  DARIUS ASSEMI is named individually and in his capacity as Trustee of the

20 AMENDED AND RESTATED DARIUS ASSEMI REVOCABLE TRUST, dated March 2, 2010.

21    14.    Maricopa, ACDF, Kamm South, and the Trustees are collectively referred to herein

22 as the "Pledgor Defendants."

23    15.    FARID ASSEMI, FARSHID ASSEMI and DARIUS ASSEMI, in their individual

24 capacities, are collectively referred to herein as the "Guarantor Defendants."

25    16.    Plaintiff is ignorant of the true names and capacities of Defendants designated herein

26 as DOES 1 through 100, inclusive, and therefore sues such Defendants by such fictitious names.

27 Plaintiff will amend this Complaint to allege the true names and capacities of such Defendants

28 when the same have been ascertained.  Plaintiff is informed and believes, and thereupon alleges,

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT
-3-
125593407.7 0053564-00659

1   that each of the fictitiously named Defendants is responsible in some manner for the occurrences

2   herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such

3   conduct, or Plaintiff's right, title, and interest in the real and personal property collateral described

4   herein is superior to any such Defendant's right, title or interest in said property.

5                                **JURISDICTION AND VENUE**

6          17.     The Court has jurisdiction over all the causes of action alleged in this Complaint

7   pursuant to 28 U.S.C. § 1332 because complete diversity between Plaintiff and the named

8   Defendants exists, and because the amount in controversy exceeds $75,000. This Court has

9   supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367,

10  and under the principles of pendent jurisdiction.

11         18.     Venue is proper in this District because one or more Defendants reside in this

12  District, and all Defendants are residents of the State of California.  28 U.S.C. § 1391(b)(l).  Venue

13  is also proper in this District because a substantial part of the events or omissions giving rise to the

14  claim occurred in this District, and because the subject of the action is situated in this District.  *Id.*

15  § 1391(b)(2).

16         19.      Under Civil Local Rule 120, this case shall be assigned to the Fresno Division

17  because MetLife's claims arose in Fresno County.

18                                 **FACTUAL BACKGROUND**

19  **A.     The Loan and Loan Documents, and the Collateral Provided by Borrower to Lender**

20         20.     On or about April 2, 2021, MetLife, as lender, made a loan to Borrower Defendants,

21  as borrowers, in the original principal amount of Twenty-Three Million Five Hundred Thousand

22  and 00/100 Dollars ($23,500,000) ("Loan"), pursuant to that certain Loan Agreement dated as of

23  April 2, 2021 ("Loan Agreement"), by and among Defendants, MetLife, and the Guarantor

24  Defendants.  A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 1**.

25         21.     The Loan is evidenced by that certain Promissory Note (the "Note") payable to the

26  order of MetLife, in the original principal sum of Twenty-Three Million Five Hundred Thousand

27  and 00/100 Dollars ($23,500,000), initially bearing interest at the rate of 3.5 percent per annum,

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                          -4-

125593407.7 0053564-00659

1  with a Maturity Date of January 5, 2041.  A true and correct copy of the Note is attached hereto as

2  **Exhibit 2**.

3        22.     The Note is secured by, *inter alia*, that certain (i) Deed of Trust, Security Agreement,

4  Assignment of Rents and Leases and Fixture Filing dated April 2, 2021, and recorded on April 2,

5  2021, with the Fresno County Recorder's Office as Document No. 2021-054552 ("Deed of Trust"),

6  in favor of MetLife, as beneficiary, under which Borrower Defendants, as trustors, conveyed to

7  Leon A. Moreno, as trustee, real property situated in the County of Fresno, State of California, and

8  described on Exhibit "A" to the Deed of Trust and all appurtenances, fixtures, permanent plantings,

9  rights and benefits thereto, as described in the Deed of Trust (the "Real Property"), and (ii) Pledge

10  and Security Agreement dated April 2, 2021 ("Pledge"), pursuant to which Pledgor Defendants

11  thereto pledged, assigned and granted to MetLife a security interest in certain Pledged Collateral,

12  as defined in the Pledge, which included, *inter alia*,  their membership interest in Poso Creek Water

13  Company, LLC, a California limited liability company ("Poso Creek"), Water Bank Shares (as

14  defined in the Pledge), the Company Water Account (as defined in the Pledge), and the Member

15  Water Account (as defined in the Pledge). The Deed of Trust was amended by that First

16  Amendment to Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture

17  Filing dated March 22, 2022, and recorded on March 29, 2022, with the Fresno County Recorder's

18  Office as Document No. 2022-0040643 ("First Amendment"). A true and correct copy of the Deed

19  of Trust, First Amendment and Pledge are attached hereto as **Exhibit 3**, **Exhibit 4** and **Exhibit 5**,

20  respectively.

21        23.     The Deed of Trust and the Loan Agreement further provide that the Loan is secured

22  by "Water Rights" as that term is defined in the Deed of Trust, including without limitation "each

23  Trustor's membership interests in Poso Creek Water Company" and all agreements, service

24  contracts and other entitlements to water. (Loan Agreement, § 2.4; Deed of Trust, Granting

25  Clause E.)

26        24.     In connection with the Loan, Borrower Defendants and Guarantor Defendants

27  entered into that certain Unsecured Environmental Indemnity Agreement dated as of April 2, 2021

28  ("Environmental Indemnity"), pursuant to which Borrower Defendants and Guarantor Defendants

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT
-5-
125593407.7 0053564-00659

1   have agreed to indemnify MetLife from environmental claims and violations of environmental

2   laws, more specifically described therein.  A true and correct copy of the Environmental Indemnity

3   is attached hereto as **Exhibit 6**.

4        25.     In connection with the Loan, each of the Guarantor Defendants entered into a Loan

5   Guaranty Agreement dated as of April 2, 2021 (each a "Guaranty"), pursuant to which Guarantor

6   Defendants personally, jointly and severally, guaranteed the Loan.  A true and correct copy of each

7   Guaranty is attached hereto as **Exhibit 7**.

8        26.     The Real Property is irrigated agricultural land consisting of approximately 1,094

9   acres of irrigated agricultural products including but not limited to pistachio orchards and includes

10  the rights and benefits under the Pledge and related fixtures, equipment, trees and other

11  appurtenances, permanent plantings and water rights.

12       27.     The Deed of Trust secures the Loan in favor of MetLife encumbering the Real

13  Property and further includes as additional collateral an absolute assignment of Defendants' right,

14  title and interest in all present and future income, issues, profits, and revenues of the Real Property,

15  Crops from the Real Property, leases relating to and arising from the Real Property, and Proceeds

16  from the Real Property (as those terms are defined therein) and all benefits to be derived therefrom.

17  (Deed of Trust, Granting Clause C, § 11.5.)

18       28.     The Deed of Trust constitutes a security agreement ("Security Agreement") with

19  respect to the Crops, Water Rights, Improvements, Intangibles, Proceeds, and any other personal

20  property, included in the description of the Real Property (as all those terms are defined therein)

21  and Borrower Defendants granted to Plaintiff a security interest therein. The Security Agreement

22  provides that:

> **11.1 Security Agreement.** This instrument shall constitute a security agreement with respect to the Proceeds, Crops, Water Rights, Improvements, Intangibles, Proceeds and Minerals and any other personal property included in the description of the Property, and Trustor hereby grants to Beneficiary a security interest therein.
>
> **11.2 Security Interest.** Trustor authorizes Beneficiary to file in any relevant jurisdiction any initial financing statements (including fixture filings) and amendments thereto necessary to perfect and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                    -6-

125593407.7 0053564-00659

continue Beneficiary's security interest in the Property. Upon request by Beneficiary, Trustor shall take whatever other action is reasonably requested by Beneficiary to perfect and continue Beneficiary's security interest in the Property. Trustor hereby appoints Beneficiary as Trustor's attorney-in-fact for the purpose of executing or filing any documents necessary to perfect or continue the security interest granted therein. Trustor will reimburse Beneficiary for all expenses incurred in perfecting or continuing this security interest.

29.     Under the Deed of Trust, "Water Rights" are defined to include, *inter alia*, MetLife's interest in Defendants' membership interest in Poso Creek, as more particularly set forth in the Pledge.

30.     The Security Agreement under the Deed of Trust was further perfected by MetLife's filing UCC-1 Financing Statements with the California Secretary of State on April 6, 2021, at Filing No. U210036586428 ("UCC Filing").  The Security Agreement as perfected by the UCC Filing grants to and perfects in Lender a security interest in and to all of Borrower Defendants' right, title, and interest in personal property not limited to: all equipment, goods, accounts, whether attached or appurtenant to the Real Property; all crops (including without limitation harvested crops, farm products, seed and the products and proceeds thereof), along with all present and future income, rents, issues, profits, and revenues of the crops now or hereafter growing on the Real Property; all rights to the use and enjoyment of water, whether or not appurtenant to the Real Property, and all improvements for water delivery and storage, and easements and permits associated with the same.  The UCC Filing is attached hereto as **Exhibit 8.**

31.     MetLife has provided all notices to enforce its right, title, and interest in all collateral under the Security Agreement and Pledge and has a priority security interest therein.

32.     Pursuant to the Pledge, Pledgor Defendants pledged to MetLife their membership and percentage interest in Poso Creek, and following the occurrence of an Event of Default, MetLife shall be entitled to take immediate possession of all or a portion of the Pledged Collateral (as defined in the Pledge) and is entitled exercise all Pledgor Defendants' membership and percentage interests, and all rights associated therewith, in Poso Creek.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT
125593407.7 0053564-00659

33.     The Loan Agreement, Deed of Trust, Environmental Indemnity, Guaranty, Pledge, and any other agreements evidencing the Loan are collectively referred to as the "Loan Documents."

34.     The Deed of Trust is subject to the terms of that certain Intercreditor Agreement by and between U.S. Bank, National Association (successor to MUFG Union Bank, N.A.) ("U.S. Bank"), MetLife, MetLife Real Estate Lending LLC, and Brighthouse Life Insurance Company, dated as of November 5, 2020, and recorded in the Fresno County Recorder's Office as Document No. 2020-0158807, as amended by that certain First Amendment to Intercreditor Agreement dated November 10, 2020, and recorded on November 24, 2020, in the Fresno County Recorder's Office as Document No. 2020-0169327, and as further amended by that certain Second Amendment to Intercreditor Agreement dated April 2, 2021, and recorded on April 2, 2021, in the Fresno County Recorder's Office as Document No. 2021-0054553 (collectively, the "Intercreditor").

35.     Pursuant to the terms of the Intercreditor, U.S. Bank may obtain a first priority security interest in the "Crop Loan Collateral" (as defined therein), and MetLife will have subordinated its security interest or lien in and to the Crop Loan Collateral to the extent U.S. Bank provides crop financing for the Crops (as defined therein).  U.S. Bank also subordinated its security interest or lien in and to the defined "MetLife Collateral."  ([Original] Intercreditor, § 1.)  On information and belief, U.S. Bank provided no financing for any Crops on the Real Property in 2024 and, therefore, has no security interest senior to MetLife in the Crop Loan Collateral under the Intercreditor.

**B.     <u>Default on the Loan and Related Lawsuits Involving Unpaid Loans by the Guarantor Defendants and Their Affiliated Farming Operations</u>**

36.     On September 4, 2024, MetLife provided to Borrower Defendants and Guarantor Defendants a Notice of Default and Demand for Payment for the approximate total due of $862,154.94.  Defendants and Guarantor Defendants were further informed that if payment was not received by September 10, 2024, MetLife would initiate a demand and acceleration of the Loan.  A true and correct copy of this notice is attached hereto as **Exhibit 9**.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                -8-

125593407.7 0053564-00659

1      37.    The past due amount was not paid by September 10, 2024, and on September 18, 2024, MetLife sent to Borrower Defendants and Guarantor Defendants a Notice of Default and Acceleration of Debt for the approximate total due of $21,872,719.  A true and correct copy of this notice of acceleration of debt is attached hereto as **Exhibit 10**.

38.    As a result of the defaults under the Loan Documents, Plaintiff further revokes any right or interest of the Borrower Defendants in any rents, issues or profits from the Real Property and directs the Tenant Defendants to pay any such rents, issues or profits to Plaintiff.

39.    The Guarantor Defendants, through the affiliated companies they own, have substantial farm holdings including thousands of acres of pistachio and almond orchards that they have been farming for decades. The Guarantor Defendants and their farming entities have experienced extreme financial difficulties and the inability to repay their loans from MetLife and its affiliated companies in an amount of over $48,600,000 from a total of nine defaulted loan agreements that has resulted in the filing of this action and other judicial foreclosure proceedings in this Court.

40.    The Guarantor Defendants and their affiliated companies' financial distress and defaults to their lenders is also not limited to MetLife alone.  The following cases filed in the Court involve the Guarantor Defendants and include claims alleging over $770 million in defaulted loan obligations and are possibly related to the instant action pursuant to Local Rule 123:

- *The Prudential Insurance Company of America, et al. v. ACDF, LLC, et al.*, Case No. 1:24-cv-01102-KES-SAB, filed September 16, 2024[1]; and

- *U.S. Bank National Association v. Touchstone Pistachio Company, LLC, et al.*, Case No. 1:24-cv-01105-KES-SKO, filed September 17, 2024.

### FIRST CAUSE OF ACTION

### (Breach of Loan Agreement Against Borrower Defendants)

41.    Plaintiff incorporates and re-alleges paragraphs 1 through 40 above as if fully set forth herein.

---

[1] On September 23, 2024, the Hon. Kirk E. Sherriff in the Prudential matter found that the two cases were related.  Dkt. 37.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT

-9-

125593407.7 0053564-00659

1     42.     The Loan Agreement constitutes a binding agreement between Plaintiff and

2   Borrower Defendants.

3     43.     Plaintiff has fully performed the Loan Agreement and to the extent Plaintiff has

4   failed to comply with any material provision therein, it was excused from doing so by Borrower

5   Defendants' breach of the Loan Agreement by, among other things, failing to make payments when

6   due under that agreement.

7     44.     Borrower Defendants' breaches and default under the Loan Agreement have caused

8   Plaintiff to incur damages in excess of $21,872,719.

9     45.     Plaintiff is entitled to judgment against Borrower Defendants for amounts owed

10   through the date of judgment, including (i) unpaid principal; (ii) unpaid accrued interest; (iii) late

11   charges; (iv) fees, costs, and other charges (including legal fees and costs) to which Plaintiff is

12   entitled under the governing documents through the date of judgment; and (v) pre-judgment and

13   post-judgment interest at the rate provided by law.

14                              **SECOND CAUSE OF ACTION**

15                   **(Breach of Guaranty – Against Guarantor Defendants)**

16     46.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 above as if fully set

17   forth herein.

18     47.     Each Guaranty constitutes a binding agreement between Plaintiff and the Guarantor

19   Defendants.

20     48.     Plaintiff has fully performed under the Guaranty Agreements and to the extent

21   Plaintiff has failed to comply with any material provision therein, it was excused from doing so by

22   Guarantor Defendants.

23     49.     As a condition to granting the Loan under the Loan Agreement, Plaintiff required

24   the Guarantor Defendants to personally guarantee the Loan.

25     50.     Pursuant to the Guaranty, the Guarantor Defendants unconditionally and irrevocably

26   guaranteed and promised to pay the Loan pursuant to the terms of the Loan Documents.

27     51.     Plaintiff was harmed by the Guarantor Defendants' failure to make payments when

28   due and despite service upon them of notices of default.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                          -10-

125593407.7 0053564-00659

52.     Guarantor Defendants' breaches and default under the Guaranty Agreements have caused Plaintiff to incur damages in excess of $21,872,719.

53.     Plaintiff is entitled to judgment against the Guarantor Defendants, jointly and severally, for amounts owed under each Guaranty through the date of judgment, plus interest thereon and Plaintiff's expenses, attorneys' fees, and collection costs.

## THIRD CAUSE OF ACTION

### (Judicial Foreclosure Under Security Agreement and Pledge – Against Borrower Defendants and Pledgor Defendants)

54.     Plaintiff incorporates and re-alleges paragraphs 1 through 53 above as if fully set forth herein.

55.     The Security Agreement in the Deed of Trust constitutes a binding agreement between Plaintiff and Defendants.

56.     Under the Security Agreement, Borrower Defendants granted Plaintiff a security interest with respect to the defined collateral therein including Crops, Water Rights, Improvements, Intangibles, Proceeds, and Minerals and any other personal property included in the description of the Real Property.

57.     Where there is an "Event of Default" under the Loan Agreement, the Deed of Trust gives Plaintiff rights and remedies of a secured party under the Uniform Commercial Code with respect to any part of the Real Property, as that term is defined therein, that constitutes personalty, and  Plaintiff shall have the rights and remedies of a secured party under the Uniform Commercial Code and Plaintiff shall have the option of proceeding as to the Real Property and all or some of the personal property separately or together, in accordance with the unified sale procedures set forth in the Uniform Commercial Code as adopted in California.  (Deed of Trust, § 14.1(e).)

58.     Pursuant to the Pledge, Pledgor Defendants pledged, assigned, and granted to Plaintiff a security interest in the Pledged Collateral, which included, *inter alia*, their membership interest in Poso Creek, Water Bank Shares (as defined in the Pledge), the Company Water Account (as defined in the Pledge), and the Member Water Account (as defined in the Pledge).  Pledgor Defendants pledged to Plaintiff their membership and percentage interests in Poso Creek, and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                    -11-

125593407.7 0053564-00659

1    following the occurrence of an Event of Default, Plaintiff shall be entitled to take immediate

2    possession of all or a portion of the Pledged Collateral (as defined in the Pledge), and exercise all

3    Pledgor Defendants' membership and percentage interests, and all rights associated therewith, in

4    Poso Creek.

5         59.    Due to Borrower Defendants' default under the Note and Loan Agreement, Plaintiff

6    is entitled to foreclosure of its liens under the Security Agreement and Pledge, and the possession

7    and sale of the collateral secured thereunder.

8                              **FOURTH CAUSE OF ACTION**

9              **(Judicial Foreclosure Under Deed of Trust – Against Defendants)**

10        60.    Plaintiff incorporates and re-alleges paragraphs 1 through 59 above as if fully set

11   forth herein.

12        61.    To secure payment of their obligations under the Note and Loan Agreement,

13   Borrower Defendants made, executed, and delivered to Plaintiff, as beneficiary, the Deed of Trust.

14   (See Deed of Trust at 1-3.)

15        62.    Under the Deed of Trust, where there has been an "Event of Default" under the Deed

16   of Trust and other Loan Documents, Plaintiff may declare at its option that "the entire

17   Indebtedness" (which is defined in the Deed of Trust as the outstanding principal amount of the

18   Note, together with accrued interest thereon and all other amounts payable under the Note, Deed

19   of Trust and the Loan Agreement, any amounts advance by Lender to preserve the Real Property

20   or to discharge the obligations of Borrowers under the Loan Documents and any expenses of Lender

21   in connection therewith) is "immediately due and payable." (Deed of Trust, § 14.1(a).) The Lender

22   accelerated the Indebtedness under the terms of the aforementioned notice of acceleration of debt.

23        63.    Where there is an "Event of Default" under the Loan Agreement, the Deed of Trust

24   gives Plaintiff rights and remedies of a secured party under the Uniform Commercial Code with

25   respect to any part of the Real Property, as that term is defined therein, that constitutes personalty,

26   and  Plaintiff shall have the rights and remedies of a secured party under the Uniform Commercial

27   Code as well as the option of proceeding as to the Real Property and all or some of the personal

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                          -12-

125593407.7 0053564-00659

1   property separately or together, in accordance with the unified sale procedures set forth in the

2   Uniform Commercial Code as adopted in California.  (Deed of Trust, § 14.1(e).)

3         64.    As a result of Borrower Defendants' default, Plaintiff is entitled to enforce its

4   security interest by judicial foreclosure of all of Borrower Defendants' rights in the Real Property

5   and personal property and other collateral through a public sale thereof by the proper judicial

6   officer.

### FIFTH CAUSE OF ACTION

### (Specific Performance and Appointment of Receiver – Against Defendants)

9         65.    Plaintiff incorporates and re-alleges paragraphs 1 through 64 above as if fully set

10  forth herein.

11        66.    The Loan Agreement provides that Defendants shall consent to the appointment of

12  a receiver.  (Loan Agreement, § 10.1(g).)  The Deed of Trust further provides that Plaintiff is

13  entitled to have a receiver appointed, to operate the Property pending foreclosure and preserve and

14  protect the Collateral, to collect the Proceeds, and to enforce the assignment of leases and rents

15  provision.   Section 14.1(g) of the Deed of Trust provides:

> Beneficiary shall have the right to have a receiver appointed to take possession of any or all of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, to collect the Proceeds from the Property and apply the Proceeds, over and above cost of the receivership, against the Indebtedness. Beneficiary may apply to any court of competent jurisdiction for the appointment of a receiver or receivers for the Property and of all the earnings, revenues, rents, issues, profits and income therefrom, ex parte, without notice, and without regard to the sufficiency or value of any security for the obligations secured hereby or the solvency of any party bound for its payment, the expenses of which shall be secured by this Deed of Trust. The receiver may serve without bond if permitted by law. Beneficiary's right to the appointment of a receiver shall exist whether or not apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Beneficiary shall not disqualify a person from serving as a receiver.

27        67.    Plaintiff has performed all of its obligations to Borrower Defendants under the terms

28  of the Loan Documents.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT
125593407.7 0053564-00659

-13-

68. Plaintiff has demanded that Borrower Defendants allow Plaintiff the ability to take possession of the Real Property to collect the rents, issues, and profits and to maintain, lease, and operate the Real Property as provided in the Deed of Trust.

69. Due to the defaults under the Loan Documents, Borrower Defendants have no right or interest in any rents, issues and profits from Tenant Defendants, and Plaintiff hereby asserts its demand and right to such rents, issues and profits from Tenant Defendants.

70. There is no adequate remedy at law to enforce the assignment of leases and rents provision in the Trust.

71. Plaintiff is entitled to specific performance of the assignment of leases and rents provision in the Deed of Trust, including without limitation, for the appointment of a receiver to collect the rents, issues and profits and to preserve the protect the collateral and Real Property.

72. The Loan Documents provide for payment to Plaintiff of all costs of collection including reasonable attorneys' fees and costs of suit.  Plaintiff is, therefore, entitled to its costs, expenses, and attorneys' fees incurred in this matter

## SIXTH CAUSE OF ACTION

### (Injunctive Relief – Against Defendants)

73. Plaintiff incorporates and re-alleges paragraphs 1 through 72 above as if fully set forth herein.

74. To enable the receiver to properly and effectively carry out his or her specific and general duties and powers, and to prevent Plaintiff from suffering irreparable injury, Plaintiff seeks a preliminary injunction and permanent injunction enjoining Defendant and their agents, partners, property managers, employees, officers, directors, affiliates, assigned successors, representatives, and all persons acting under, in concert with, or for them, from performing any action that is contrary to the request for relief specified in the prayer of this Complaint.

## SEVENTH CAUSE OF ACTION

### (Replevin – Against Defendants)

75. Plaintiff incorporates and re-alleges paragraphs 1 through 74 above as if fully set forth herein.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT
-14-

125593407.7 0053564-00659

76.     The Loan Documents establish Plaintiff's entitlement to all rights and interests in Proceeds, including but not limited to all income, profits, rents, issues, profits, and revenues of the Real Property and Crops (as defined therein).  And, for example, Deed of Trust, Granting Clause C and Section 14.1 permit Plaintiff's right to take, sell, foreclose, and collect on the Proceeds including but not limited to those associated with the Crops.  Where there is an "Event of Default" under the Loan Documents, the Deed of Trust gives Plaintiff expansive rights over the collateral, including but not limited to the right to take possession of, manage, protect, and sell the collateral. (Deed of Trust, § 14.1.) Defendants are required to deliver the collateral to Plaintiff upon request. (*Id.*)

77.     An Event of Default has occurred and has been noticed. (See Exhibits 9-10.)  As a result, Plaintiff is entitled to the Proceeds and collateral described in the Loan Documents.

78.     Defendants continues to possess the Proceeds and collateral described in the Loan Documents despite their non-entitlement to the same.

79.     Plaintiff is entitled to a writ of attachment and/or writ of possession permitting it to collect the Proceeds, including but not limited to crops and income, profits, revenues, and accounts related thereto.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief against all Defendants as follows:

1.     That the Court enter a money judgment against Borrower Defendants and the Guarantor Defendants, and each of them, for:

a.     all amounts owed to date and continuing to accrue and be incurred under the Loan Documents, and each Guaranty (including but not limited to all principal outstanding, interest, late charges, attorneys' fees, financial advisor fees, expenses, and advances), in an amount exceeding $21,872,719;

b.     all costs of this action, including reasonable attorneys' fees;

c.     all sums that Plaintiff has expended and hereafter expends to protect its interests under the Loan Agreement, Deed of Trust, Guaranty, Environmental Indemnity, Water Agreement, Collateral Assignment, and any other Loan Document; and

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                    -15-

125593407.7 0053564-00659

d.      pre-judgment and post-judgment interest.

2.      That the Court enter judgment declaring that the rights, claims, ownership, liens, titles, and demands of Defendants are subject, subsequent, and subordinate to the Deed of Trust, Water Agreement, and Collateral Assignment.

3.      That the Court enter its order appointing a receiver, and that, pursuant to the order, the receiver be authorized to: take possession and control of the Real Property and all personal property and collateral secured under the Deed of Trust, including Crops, Equipment, Fixtures, Water Rights, Proceeds and the Pledge ("Collateral"); conserve, maintain, and manage the Real Property and Collateral, including entering into any appropriate lease(s) associated with the management of the Real Property and Collateral; and/or retaining a third party to manage the Real Property and the Collateral, collect any and all rents, sell the Real Property and the Collateral following adequate notice to Defendants, and perform all other acts consistent with the terms of the order entered by the Court.

4.      That the Court enter an order for specific performance of the provisions of the Deed of Trust, and the assignment referred to therein, relating to the right of Plaintiff, pending a foreclosure and/or trial on the issues herein, to take possession of and to care for and operate the Real Property and Collateral, and to collect the rents, income, issues, profits, and security deposits therefrom during the pendency of this action.

5.      That the Court enter an order directing the payment all rents, income, issues and profits from the Tenant Defendants to Plaintiff pursuant to California Civil Code section 2938 and other applicable law.

6.      That the Court enter its order directing Defendants and anyone in possession of the Real Property and/or the Collateral to deliver possession of same to the receiver or to Plaintiff and to perform other acts and to refrain from such conduct as deemed appropriate by the Court.

7.      That the Court enter a preliminary injunction and permanent injunction enjoining Defendants and their agents, partners, property managers, employees, officers, directors, affiliates, assignees, successors, and representatives and all persons acting under, in concert with, or for them, from:

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                    -16-

125593407.7 0053564-00659

a.       Committing or permitting any waste on the Real Property and Collateral, or suffering or committing or permitting any act on the Real Property or any part thereof in violation of law, or removing or otherwise disposing of any of the Collateral,  or the fixtures presently on the Real Property or any part thereof;

b.       Directly or indirectly interfering in any manner with the discharge of the receiver's duties or the receiver's possession of and operation or management of the Real Property or the Collateral; and

c.       Doing any act that will, or that will tend to impair, defeat, divert, prevent, or prejudice the preservation of the Real Property, and the Collateral.

8.       That to the extent the receiver has not previously sold the Collateral securing the Loan in accordance with the order appointing the receiver, the Court order, adjudge, and decree that the liens granted pursuant to the Deed of Trust and Pledge be foreclosed; that all Collateral under the Deed of Trust and Pledge be sold according to law by the levying officer; that the proceeds of the sale be applied in payment of the amounts due on the Loan; and that Defendants and all persons claiming under them after execution of the Deed of Trust, as lien claimants, judgment creditors, claimants under a junior deed of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims, interests, or equity of redemption in the Real Property and any other collateral under those instruments when the time for redemption has elapsed.

9.       That the Court award Plaintiff judgment and execution against Defendants for any deficiency that may remain after applying all net proceeds of the sale of the Real Property and the Collateral (whether sold by the receiver or through foreclosure) to satisfy the amounts found due by the Court under this demand for judgment.

10.       That the Court order, adjudge, and decree that Plaintiff or any parties to this action may purchase the Real Property and the Collateral at any foreclosure sale; that when the time for redemption has elapsed, the levying officer or receiver execute a deed to the purchaser of the Real Property and the Collateral; and that the purchaser be given possession of the Real Property and the Collateral on production of the levying officer's  or receiver's deed.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                              -17-

125593407.7 0053564-00659

1    11.    That the Court order a writ of attachment or possession (claim and delivery) to

2  enforce Plaintiff's right, title, or interest in any collateral of Defendants.

3    12.    For such other and further relief as the Court deems just and equitable.

4  //

5  //

6  //

7  //

8  //

9  //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT                              -18-

125593407.7 0053564-00659

**JURY DEMAND**

Under Fed. R. Civ. Proc. 38 and Local Rule 201, Plaintiff demands a trial by jury of all issues raised by this Complaint that are triable by jury, as is its right under the Seventh Amendment to the Constitution of the United States and as given by statute.

DATED:  October 10, 2024

STOEL RIVES LLP

MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com

*Attorneys for Plaintiff*
*METROPOLITAN LIFE INSURANCE*
*COMPANY*

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

COMPLAINT FOR BREACH OF
LOAN AGREEMENT

-19-

125593407.7 0053564-00659