MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

*Attorneys for Plaintiff*
METROPOLITAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>C & A FARMS, LLC, a California limited liability company; MARICOPA ORCHARDS, LLC, a California limited liability company; DUMAR, LLC, a California limited liability company; PISTACHE LLC, a California limited liability company; KAMM SOUTH, LLC, a California limited liability company; ACDF, LLC, a California limited liability company; FARID ASSEMI, individually and as Trustee of the AMENDED AND RESTATED FARID ASSEMI REVOCABLE TRUST DATED March 2, 2010; FARSHID ASSEMI, an individual; FARSHID ASSEMI and SONIA ROSEMARY ASSEMI, as Trustees of the AMENDED AND RESTATED FARSHID ASSEMI AND SONIA ROSEMARY ASSEMI REVOCABLE TRUST dated March 2, 2010; DARIUS ASSEMI, individually and as Trustee of the AMENDED AND RESTATED DARIUS ASSEMI REVOCABLE TRUST, dated March 2, 2010; and DOES 1-100,<br><br>Defendants. | Case No. 1:24-CV-01230-KES-SAB<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION REGARDING MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Dept.:<br><br>Action Filed: October 10, 2024<br>Trial Date: Not Set |

## *EX PARTE* APPLICATION REGARDING MOTION FOR APPOINTMENT OF RECEIVER AND FOR PRELIMINARY INJUNCTION

Plaintiff METROPOLITAN LIFE INSURANCE COMPANY ("Plaintiff") hereby files its *Ex Parte Application Regarding Motion for Appointment of Receiver and for Preliminary Injunction* (the "Application"), and states as follows:

Substantially contemporaneously herewith, Plaintiff filed its *Ex Parte Motion for Appointment of Receiver and for Preliminary Injunction* (the "Motion"). Pursuant to the Motion, Plaintiff seeks, among other things, the appointment of a receiver to operate, preserve, and protect the MetLife Receivership Property, which property serves as the collateral for Plaintiff's loan. Plaintiff seeks consideration of the Motion on an *ex parte* basis, and this Application sets forth that Plaintiff has satisfied the requirements for the *ex parte* consideration of the Motion.

Pursuant to Section III of this Court's Standing Order in Civil Cases, a filer seeking *ex parte* consideration of a pleading must: (A) contact the courtroom deputy and the opposing parties prior to filing to advise them that the filing is being made; (B) indicate whether an objection will be filed; and (C) submit an affidavit explaining (1) the need for the issuance of an order on an *ex parte* basis, (2) the inability of the filer to obtain a stipulation for the issuance of such order from the opposing parties, and (3) why such request cannot be noticed on the Court's calendar pursuant to Local Rule 230. The Declaration of Thomas A. Woods ("Woods Decl.") is filed concurrently herewith.

As set forth in the Woods Decl., Plaintiff contacted the courtroom deputy on October 23, 2024, and contacted counsel for the Defendants on October 21, 2024, to inform them that Plaintiff will be filing the Motion and Application and seeking *ex parte* relief.

Upon information and belief, Defendants will object to the Motion.  To date, Counsel for Defendants has not responded to Plaintiff's Counsels' inquiries or stated that Defendants will object to Plaintiff's Application and/or Motion.

In addition, the Woods Decl. sets forth the three additional criteria above.

First, and as more fully set forth in the Motion and the Declaration of Jeremy Rasmussen ("Rasmussen Decl.") (as well as the Complaint), the MetLife Receivership Property, and particularly the perishable orchards, irrigated crops, and permanent plantings, are subject to damage

or destruction if not properly maintained, and require significant and immediate cash outflows. Due to these significant cash needs, Defendant(s) and/or its affiliated farming entities have stipulated and agreed to the appointment of a receiver in two related actions involving real property collateral in their integrated farming operations (see Request for Judicial Notice ("RJN"), Exs. 1 and 2) and acknowledged that "Borrowers face significant cash flow issues and will not have sufficient case to maintain, preserve, and care for the Property, including but not limited to trees and crops" and that "[s]uch actions would cause damage to the Property, including causing the trees (which make up a significant value of the Property) to be damaged or die." (RJN, Ex. 1 at 4:1-4.) The crop harvest is also set to conclude by the end of October 2024, and no further funding exists after that time to preserve and maintain the real property. (RJN, Ex. 1.)

As a result, if a receiver is not appointed on an emergency basis, then the MetLife Receivership Property – Plaintiff's collateral securing its Loans – will not be properly maintained and face imminent damage.

Second, on October 18, 2024, Plaintiff Counsel contacted Counsel for Defendants (Mr. David Hurst) and advised of Plaintiff's plan and intent to file its Application and Motion for a Receivership in this and related cases.

On October 21, 2024, the undersigned followed up via email with Counsel for Defendants in addition to Counsel for purported Interested Third Parties: The Prudential Life Insurance Company of America ("Prudential") and U.S. Bank National Association ("U.S. Bank"). Specific detail of Plaintiff's plan and intent to file this Motion for Receivership by today's date was provided. In addition, all Counsel were asked to stipulate to the relief requested. Indeed, it was noted that Defendants and/or their related businesses – also in default as to Prudential and U.S. Bank – had stipulated and agreed to at least one effectively identical Receivership.

To date, Counsel for Defendants has not responded to Plaintiff Counsel inquiries or stated that Defendants will object to Plaintiff's Application and/or Motion.

Counsel for Prudential stated a willingness to stipulate if particular details that interest Prudential could be agreed to. To date, the Plaintiff and Prudential are unable to come to agreement.

Counsel for U.S. Bank, however, has stated its intent to object to Plaintiff's ex parte application and Motion for Receivership unless Plaintiff will agree to substantial concessions favorable to U.S. Bank (i.e., stipulations and concessions above and beyond those articulated by Prudential). At present, it is not anticipated that agreement will be reached with U.S. Bank with respect to its objections. In part for that reason and regardless of any other objections, this Motion was filed given the urgency and end of financing that has been made available to Defendants by Prudential. Plaintiff's collateral now requires protection by Plaintiff.

Plaintiff will continue to meet and confer following the filing of this Application and Motion, not unlike the meet and confer that continued following the filing of Prudential's and U.S. Bank's Receivership Applications and Motions in related cases.

Third, this Court maintains civil law and motion dates on certain Mondays. The next available of such dates is November 4, 2024. However, as set forth in more detail above and in the Motion, Defendants have stated to Plaintiff and other lenders that they will not have sufficient funds to operate after harvesting concludes at the end of October 2024. As a result, if the Motion is set for a hearing on November 4, 2024, Defendants will not have adequate funds to operate and maintain the MetLife Receivership Property thereafter. However, it is likely that any order appointing the receiver would not be entered until several days thereafter, after the Court has taken the Motion, any other relevant papers, and any oral arguments under advisement. During this period, the Borrowers would not have funds to operate or otherwise maintain the MetLife Receivership Property, which would likely result in damage to the MetLife Receivership Property, including the trees and Crops, which serves as Plaintiff's collateral.

However, Local Rule 230(b) indicates that a motion will ordinarily be heard not less than thirty-five (35) days after service and filing of the motion. This Court's next scheduled hearing date at least thirty-five (35) days from the date of this filing is December 2, 2024. Such a delay would mean that the MetLife Receivership Property would not have been adequately maintained for months, making it highly likely that the MetLife Receivership Property will suffer damage and destruction.

## **CONCLUSION**

Plaintiff has satisfied this Court's requirements for taking an *ex parte* request under submission. As such, Plaintiff respectfully requests that this Court accept this Application and take the Motion under *ex parte* consideration.

DATED: October 23, 2024                                        STOEL RIVES LLP

                                                                                       /s/ Michael Brown
                                                                                       _____
                                                                                       MICHAEL B. BROWN, Bar No. 179222
                                                                                       michael.brown@stoel.com
                                                                                       THOMAS A. WOODS, Bar No. 210050
                                                                                       thomas.woods@stoel.com
                                                                                       BENJAMIN J. CODOG, Bar No. 307034
                                                                                       ben.codog@stoel.com
                                                                                       MICHELLE J. ROSALES, Bar No. 343519
                                                                                       michelle.rosales@stoel.com

                                                                                       *Attorneys for Plaintiff*
                                                                                       METROPOLITAN LIFE INSURANCE COMPANY